

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

ORONDE MABRY,

      Petitioner,

v.      .                    Civil Action No. 3:13CV545

ERIC WILSON,

      Respondent.

**MEMORANDUM OPINION**

Oronde Mabry, a federal inmate proceeding _pro se_, submitted a 28 U.S.C. § 2241[1] petition ("§ 2241 Petition").[2]  In his § 2241 Petition, Mabry contends that his sentence is unconstitutional in light of the Supreme Court's decision in in Alleyne v. United

---

[1] That statute provides, in pertinent part:

**(c)**  The writ of habeas corpus shall not extend to a prisoner unless—
    **(1)**  He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
    **(2)**  He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
    **(3)**  He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C. § 2241(c)(1)-(3).

[2] This Court convicted Mabry of conspiracy to distribute and possess with intent to distribute five grams or more of cocaine base and sentenced him to 210 months of imprisonment.  Judgment in a Criminal Case at 1-2, United States v. Mabry, No. 3:07CR28 (E.D. Va. filed Aug. 2, 2007), ECF No. 79.  By Order entered on January 5, 2012, the Court denied a 28 U.S.C. § 2255 Motion filed by Mabry.  Order at 1, United States v. Mabry, No. 3:07CR28 (E.D. Va. filed Jan. 5, 2012), ECF No. 163.

States, 133 S. Ct. 2151 (2013).[3]   For reasons set forth below, the § 2241 Petition will be DISMISSED for want of jurisdiction.

## I. Motions Under 28 U.S.C. § 2255 Compared To Petitions Under 28 U.S.C. § 2241

A motion pursuant to 28 U.S.C. § 2255 provides the primary means of collateral attack on the imposition of a federal conviction and sentence and must be filed with the sentencing court.   See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (quoting Cox v. Warden, Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990)).   A federal inmate may not proceed under 28 U.S.C. § 2241 unless he or she demonstrates that the remedy afforded by 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention."   28 U.S.C. § 2255(e).[4]   For example, "attacks on the execution of a sentence are properly raised in a § 2241 petition."   In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir.

---

[3]   In Alleyne, the Supreme Court addressed a defendant's mandatory minimum sentence of seven years for brandishing a firearm under 18 U.S.C. § 924(c)(1)(A)(ii).   Alleyne, 133 S. Ct. 2155-56.   The Supreme Court held that, other than prior convictions, "facts that increase [statutory] mandatory minimum sentences must be submitted to the jury." Id. at 2163.

[4]   "This 'inadequate and ineffective' exception is known as the 'savings clause' to [the] limitations imposed by § 2255." Wilson v. Wilson, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671, at *3 (E.D. Va. Apr. 12, 2012) (quoting In re Jones, 226 F.3d 328, 333 (4th Cir. 2000)).

1996); Hanahan v. Luther, 693 F.2d 629, 632 n.1 (7th Cir. 1982)).  Nevertheless, the United States Court of Appeals for the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion."  Id. (citations omitted).

The Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his conviction "in only very limited circumstances."  United States v. Poole, 531 F.3d 263, 269 (4th Cir. 2008) (citation omitted) (internal quotation marks omitted).  The "controlling test," id., in the Fourth Circuit is as follows:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when:  (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).  The Fourth Circuit formulated this test to provide a remedy for the "fundamental defect presented by a situation in which an individual is incarcerated for conduct that is not

3

criminal but, through no fault of his [or her] own, [he or she] has no source of redress." Id. at 333 n.3 (emphasis added).

## II. Analysis Of Mabry's 28 U.S.C. § 2241 Petition

Mabry fails to satisfy the second prong of In re Jones. See In re Jones, 226 F.3d 328, 334 (4th Cir. 2000). Specifically, Mabry fails to demonstrate that "subsequent to [his] direct appeal and [his] first § 2255 motion, the substantive law changed such that the conduct of which [he] was convicted is deemed not to be criminal." Id. (emphasis added). The conduct of which Mabry stands convicted, conspiracy to distribute and possess with intent to distribute five grams or more of cocaine base, remains a crime. See Alsop v. Chandler, ---F. App'x ----, No. 13-10778, 2014 WL 68913, at *1 (5th Cir. Jan. 9, 2014) (concluding the decision in Alleyne fails to provide a basis for filing § 2241 petition challenging convictions for distribution of cocaine base and conspiracy to distribute cocaine base). Accordingly, the Court will dismiss Mabry's 28 U.S.C. § 2241 Petition for want of jurisdiction.

An appropriate Order shall issue.

/s/ _REP_

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: March 4, 2014

4